**IN THE DISTRICT COURT OF THE U.S. VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| HARRY SINGH, ) | |
| ) | |
| Petitioner, ) | Civil No.  181 / 2009 |
| vs. ) | |
| ) | |
| HENRY PETERS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### RENEWED MOTION TO SHOW CAUSE FOR CONTEMPT

**COMES NOW** Petitioner Harry Singh, by and through his counsel, The Law Offices of Karin A. Bentz, P.C. (Karin A. Bentz, Esq., of counsel), and moves this Court to initiate contempt proceedings against Respondent Henry Peters.  In support thereof, Plaintiff asserts that on January 22, 2014, the Court scheduled an *Examination in Aid of Execution of Judgment* hearing for April 22, 2014 at 10:00 a.m.  Despite being personally served with notice of the hearing on February 10, 2014, Respondent failed to appear or otherwise notify the Court of his absence.  An affidavit of service is attached as **Exhibit A**.

The District Court has the inherent authority to compel obedience to its orders through its inherent power of contempt.  *In re Kendall*, 712 F.3d 814, 816 (3d Cir. 2013) (citing *Int'l Union of United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994)).  Petitioner respectfully requests this matter be scheduled for a civil contempt hearing, requiring Respondent to appear and show cause why he did not comply with the Court's January 22, 2014 order.  If Respondent does not appear at the contempt hearing or refuses to testify at an examination in aid of execution of judgment, Petitioner requests the Court issue a bench warrant for Respondent's arrest and detain Respondent until he complies with the January 22, 2014 order.  *See Chadwick v. Janecka*, 312 F.3d 597, 600 (3d Cir. 2002) (under civil contempt power, there is no federal bar to court ordering arrest and detainment until there is compliance with court order); *Shillitani v. U.S.*, 384 U.S. 364 (1966) ("Where contempt consists of a refusal to obey a court order to testify *at any stage in judicial proceedings*, the witness may be confined until compliance.") (emphasis added) (citing *McCrone v. U. S.*, 307 U.S. 61 (1939); *Giancana v. U.S.*, 352 F.2d 921 (7th Cir. 1965), cert. denied, 382 U.S.

*Singh v. Peters*                                                                                              Civil No. 181 / 2009
Renewed Motion to Show Cause for Contempt                              Page 2

959).

     Petitioner, Harry Singh, also filed on July 11, 2014, Doc. No. 27, per the request of the court, **PETITIONER'S BRIEF ADDRESSING DISTRICT COURT AUTHORITY TO DETAIN RESPONDENT FOR CIVIL CONTEMPT OF COURT.** No further order of the court has been issued and in the mean time any assets may be wasted and Petitioner is in danger of not collecting on his judgment. By now, Respondent, Peters, has probably buried all his assets.

     Wherefore, Petitioner requests that this court enter an order holding Henry Peters in Civil Contempt and Order that he appear for his Debtor's Examination at a date convenient to all parties.

                                            Respectfully submitted,

                                            **LAW OFFICES OF KARIN A. BENTZ, P.C.**

Dated: November 2, 2016                   /s/ Karin A. Bentz
                                            **KARIN A. BENTZ, ESQ., V.I. Bar No. 615**
                                            32B Dronningens Gade, Suite XB
                                            5332 Raadets Gade, Suite 3
                                            St. Thomas, Virgin Islands 00802
                                            Telephone: 340-774-2669
                                            Facsimile: 340-774-2665
                                            Email: kbentz@virginlaw.com