DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| **HARRY SINGH**, | ) | |
| | ) | |
| Petitioner, | ) | Civ. No. 2009-181 |
| | ) | |
| v. | ) | |
| | ) | |
| **HENRY PETERS**, | ) | |
| | ) | |
| Respondent. | ) | |

**Appearances:**

**Karin A. Bentz**
St. Thomas, U.S.V.I.
   *For Harry Singh.*

## ORDER

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court grant in part the motion to show cause filed by Harry Singh ("Singh").

On August 1, 2007, Singh entered into a contract with Henry Peters ("Peters"). Under the contract, Peters was to build a residential home for Singh. After the contract was executed, a dispute arose between Singh and Peters. Pursuant to an arbitration provision in the contract, Singh commenced

arbitration proceedings against Peters. On October 5, 2009, the arbitrator awarded Singh $212,953.27 with 4% interest accruing from the date of the award. The arbitrator also awarded Singh $6,565.60 is administrative fees and expenses.

On December 21, 2009, Singh petitioned the Court for an order confirming the arbitral award. On February 9, 2009, Singh filed proof of service indicating that Peters was personally served a copy of the petition and a summons on January 27, 2010. Peters did not respond to the petition. On March 25, 2010, the Clerk of Court entered default against Peters. On May 7, 2010, Singh filed a motion for an order confirming the arbitral award and for the entry of final judgment. On March 31, 2011, the Court granted Singh's motion and confirmed the award. On November 2, 2011, the Clerk of Court entered a Judgment in favor of Singh.

On September 23, 2013, Singh filed a motion to allow examination in aid of execution of judgment. Singh asserted that the judgment against Peters was outstanding and that his "efforts to obtain satisfaction of the [judgment] have been impeded by . . . an inability to locate [Peters] and assets belonging to [Peters]." ECF No. 13 at 2. Singh asked the Court for an order permitting him to depose Peters. On November 4,

2013, the Magistrate Judge granted the motion and ordered that the deposition would occur on November 21, 2013.

Because Singh was initially unable to serve Peters, the Magistrate continued the deposition to April 22, 2014. Singh filed proof of service indicating that Peters was personally served with a copy of the Magistrate's order on February 10, 2014. Peters failed to appear at the April 22, 2014, deposition.

On April 30, 2014, Singh filed a motion to have Peters show cause why he should not be held in contempt for his failure to appear at the April 22, 2014, deposition. On May 27, 2014, the Magistrate granted the motion. The Magistrate ordered Peters to "appear on July 1, 2014, . . . and show cause why he should not be held in civil contempt for his failure to appear" at the April 22, 2014, deposition. *See* ECF No. 24 at 1. Singh filed proof of service indicating that Peters was personally served a copy of the Magistrate's show cause order on June 16, 2014. Peters failed to appear at the July 1, 2014, hearing.

On November 2, 2016, Singh filed a renewed motion to show cause for contempt. Singh asked the Court to "enter an order holding . . . Peters in Civil Contempt and Order that he appear for his Debtor's Examination." ECF No. 28 at 2. In the alternative, Singh asked the Court to enter a second show-cause order. On July 20, 2017, the Court referred Singh's motion to

the Magistrate for a report and recommendation. On August 21, 2017, the Magistrate filed a Report and Recommendation.

The Magistrate found "that the elements necessary for a finding of contempt may exist here." ECF No. 30 at 3. Nevertheless, while Peters "may well have known about certain orders of this Court to appear, . . . considerations of due process require that [Peters] be afforded an opportunity to explain his failure to appear, or to offer information as to his efforts, if any, to comply with the Court's orders." *Id.* Accordingly, the Magistrate recommended that the Court enter a show-cause order. The Magistrate also recommended that the Court schedule an examination in aid of judgment to occur in court.

The premises considered, it is hereby

**ORDERED** that the Magistrates Report and Recommendation docketed at ECF Number 30 is **ADOPTED**; it is further

**ORDERED** that the motion for an order to show cause docketed at ECF Number 28 is **GRANTED** in part; it is further

**ORDERED** that Henry Peters shall appear before Magistrate Judge Ruth Miller at 11:00 A.M. on April 2, 2018, to show cause why he should not be held in civil contempt for his failure to appear on April 22, 2014, and on July 1, 2014; it is further

**ORDERED** that Henry Peters shall appear before Magistrate Judge Ruth Miller for an examination in aid of execution of judgement at 11:00 A.M. on April 2, 2018; it is further

**ORDERED** that Henry Peters's examination shall be held at the District Court of the Virgin Islands, Ron De Lugo Federal Building, 5500 Veterans Drive, Charlotte Amalie, St. Thomas, United States Virgin Islands in Courtroom No. 2; it is further

**ORDERED** that Henry Peters shall bring with him to the examination, and permit inspection and copying of, his financial records for the past five years (including bank records, investment and retirement accounts, income tax returns, pay stubs, or other evidence of income or savings), and any documentation regarding personal assets and real property assets in defendant's possession and such assets either sold over the past five years or transferred to his spouse or children over the past five years; it is further

**ORDERED** that, if any party desires a transcript to be made, such party must furnish and pay for a court reporter to transcribe the proceedings; it is further

**ORDERED** that the United States Marshals Office shall serve a copy of this order on Henry Peters; and it is further

**ORDERED** that, no later than February 26, 2017, Harry Singh shall provide the Court with a physical address for Henry Peters in an appropriate filing

S\_____
**Curtis V. Gómez**
**District Judge**